IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY B. LIDDLE,

                      Petitioner,                      OPINION and ORDER

  v.

                                                      23-cr-9-jdp

UNITED STATES OF AMERICA,                     24-cv-96-jdp

                    Respondent.

---

        Petitioner Anthony B. Liddle, proceeding without counsel, seeks relief under 28 U.S.C. § 2255 following convictions for one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Case No. 23-cr-9-jdp, Dkt. 3. I must review the petition under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a petition to vacate summarily if "it plainly appears from the [petition], any attached exhibits, and the record of the prior proceedings that the [petitioner] is not entitled to relief." I will dismiss the petition because it is plainly meritless.

BACKGROUND

        Liddle pleaded guilty to the charges in an information. Dkt. 5 and Dkt. 33 (references to the criminal case are to the docket in case no. 23-cr-9). Based on a total offense level of 30 and a criminal history category of I, the advisory guideline range was 97 to 121 months. Dkt. 19 ¶ 99. I imposed a 97-month sentence on each count, to run concurrently. Dkt. 29 at 2.

        Liddle filed an appeal, Dkt. 30, which he moved to dismiss. Dkt. 52. Liddle then filed this petition to vacate.

ANALYSIS

Liddle alleges that trial counsel, Peter Moyers, provided ineffective assistance of counsel for seven different reasons. Dkt. 1 at 4–6. I will refer to each reason as a "subclaim."

I begin with the standards applicable to Liddle's claim of ineffective assistance. Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that Moyers provided ineffective assistance, Liddle must show that Moyers's performance was deficient and that the deficient performance prejudiced Liddle's defense. *Id.* at 687. To prove deficient performance, Liddle must show that Moyers's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. I must "indulge a strong presumption that [Moyers's] conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Liddle must show "a reasonable probability that, but for [Moyers's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Conclusory claims of ineffective assistance do not satisfy *Strickland*. *See* 466 U.S. at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component.").

Petitions under § 2255 "must meet heightened pleading requirements." *Shanks v. United States*, No. 21-cv-1166, 2022 WL 16552876, at *2 (E.D. Wis. Oct. 31, 2022) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)); *see also Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if petitioner "makes conclusory or speculative allegations rather than specific factual allegations"); *United States v. Trumblay*,

2

234 F.2d 273, 275 (1956) (In a petition to vacate, the petitioner "must set forth facts and not merely conclusions.").

**A. Subclaim one**

Liddle alleges that Moyers failed to meaningfully investigate allegations that Liddle made against Brad Sarkauskas. Dkt. 1 at 4. Liddle alleges that a meaningful investigation would have produced mitigating evidence of Sarkauskas's threats, lies, and efforts to trick Liddle, and his efforts to trick the Securities and Exchange Commission (SEC). *Id.* I take Liddle to contend that had Moyers presented this information at sentencing, I would have imposed a lower sentence. *See id.*

Subclaim one is plainly meritless. In his sentencing memorandum, Moyers discussed "several red flags" surrounding Liddle's purchase of Sarkauskas and Associates (SA), including an SEC audit. Dkt. 22 at 4. In his allocution letter, Liddle discussed his relationship with Sarkauskas in considerable detail. Dkt. 22-1. So, in sentencing Liddle, I considered the same basic information that he faults Moyers for not presenting. Liddle hasn't specifically explained what other information Moyer should have presented. Liddle hasn't shown that Moyer's investigation of Sarkauskas was objectively unreasonable.

Nor can Liddle show prejudice on subclaim one. Because I considered the same basic information that Liddle faults Moyers for not presenting, that failure didn't create a reasonable probability of a lower sentence. Furthermore, as I noted when sentencing Liddle, he committed a "very horrible" and "serious financial crime" that involved $1.6 million in losses for the victims. *See* Dkt. 39 at 65–66, 70–71, 77. Despite the seriousness of Liddle's crime, I imposed a sentence at the low end of the guidelines. Liddle has not identified any information about Sarkauskas that would have been further mitigating.

**B. Subclaim two**

Liddle faults Moyers for not submitting his written allocution to the court until two days before the sentencing hearing. Dkt. 1 at 5. Liddle notes that I said during the hearing that the letter contained "a lot of information . . . pertinent to the sentencing" that hadn't been "tested." Dkt. 39 at 5. Those remarks, Liddle concludes, show that he would have received a lower sentence had Moyers submitted the letter sooner. *See* Dkt. 1 at 5.

Subclaim two is plainly meritless. I take it that the factual statements that Liddle thinks most pertinent are his assertions about the wrongdoing by Brad Sarkauskas, from whom Liddle purchased his investment business. Had these facts been submitted as an objection to the PSR, the government and the probation office would have had the chance to confirm or dispute it. *See* Dkt. 39 at 5. The inclusion of additional facts in a defendant's allocution is a common occurrence in sentencing, and I would not conclude that defense counsel's failure to try to include all those facts in the PSR is deficient performance. Reasonable and competent counsel may decide that a defendant is better off not pressing to include some facts in the PSR.

In any case, this subclaim fails because Liddle cannot show prejudice. Despite the timing concern, I read the letter carefully. *Id.* at 60. Although I found that Liddle expressed sincere remorse in the letter, I wasn't "super impressed" with his explanation for why he committed the crimes. *Id.* at 68–69. I characterized the financial and marital pressures that Liddle described as "self-induced," stating that they "were all things that he did to himself." *Id.* at 69. I also found that Liddle persisted in his fraudulent conduct even though he knew that it was wrong, doubling down on the scheme after it was first detected. *Id.* at 68.

The court was aware of the prior misconduct by Sarkauskas. At sentencing, the court recessed to give the government time to respond to the specifics in Liddle's allocution.

4

Sarkauskas's prior violations provide context for Liddle's crime. But Sarkauskas's misconduct did not meaningfully mitigate Liddle's own wrongdoing. So even if the information in Liddle's written allocution had been submitted as supplemental information in the PSR, there's no reasonable probability that I would have imposed a lower sentence.

**C.  Subclaim three**

Liddle faults Moyers for not negotiating a plea agreement or reduced sentence with the government and SEC based on information that Liddle provided concerning "an alleged fraud occurring in Florida, but affecting people nationwide." Dkt. 1 at 5. Liddle provided information about the Florida fraud in a supplement to his petition in this case. Dkt. 6.

Subclaim three is purely speculative and plainly meritless. Liddle was in communication with the SEC because Liddle himself was the subject of an SEC investigation. Liddle had provided information to the SEC about the Florida fraud using the SEC's online tip facility, as the SEC acknowledged in a letter to the court at Liddle's sentencing. Dkt. 22-3.

But Liddle doesn't provide any information about what he knew about the Florida fraud, how he knew it, or whether any of his information was new to the SEC. The fact that Moyers did not gain any concession from the government in Liddle's criminal prosecution on the basis of Liddle's purported knowledge does not show deficient performance by Moyers.

**D.  Subclaim four**

Liddle faults Moyers for not giving the individuals who prepared the PSR "mitigating evidence." Dkt. 1 at 5. Liddle adds that Moyers falsely assured him that those individuals had all the information they needed. *Id.*

Subclaim four is plainly meritless for three reasons. First, Liddle doesn't specify what information Moyers failed to provide. Second, the PSR contained background information on

5

Liddle. Dkt 16 ¶¶ 72–94. Third, Moyers submitted mitigating information in his sentencing memorandum, which included Liddle's fulsome written allocution. Liddle hasn't shown deficiency or prejudice on subclaim four.

### E.  Subclaim five

Liddle faults Moyers for failing to object to the PSR's two-level adjustment to the offense level for obstruction of justice. Dkt. 1 at 5. The PSR found that Liddle obstructed the investigation of the Wisconsin Department of Financial Institutions (DFI) by providing false loan documents. Dkt. 16 ¶¶ 48, 57. Liddle alleges that Moyers agreed to raise this objection when they reviewed the PSR. Dkt. 1 at 5.

Subclaim five is plainly meritless. Liddle doesn't explain why the obstruction adjustment was improper. Liddle doesn't dispute that he provided false loan documents. Liddle acknowledged in his written allocution that he "made up promissory notes for the [DFI's] investigation." Dkt. 22-1 at 24. Liddle shows neither deficiency nor prejudice on subclaim five.

### F.  Subclaim six

Liddle faults Moyers for not objecting when, in responding to the allocution letter, the prosecutor made an incorrect statement during sentencing. Dkt. 1 at 6. The prosecutor initially stated that Liddle bought his investment company, SA, in 2017. Dkt. 39 at 49. Moyers didn't object. Duchemin later corrected herself, noting that Liddle bought SA in 2012. *Id.* at 62. Liddle cannot show prejudice for two reasons. First, Duchemin corrected her misstatement before I imposed Liddle's sentence. Second, Duchemin's initial misstatement didn't change her basic point, which was that SA was under investigation by the SEC when Liddle bought it. *See id.* Subclaim six is plainly meritless.

**G. Subclaim seven**

Liddle faults Moyer for stating that he was hard to reach in prison, thus delaying the resolution of his restitution amount for six months. Dkt. 1 at 6. Liddle disputes the accuracy of this statement, alleging that he reached out to Moyer numerous times in that period. *See id.* This claim is plainly meritless because Moyer's alleged misstatement had no influence on Liddle's conviction, sentence, or restitution amount.

CONCLUSION

In sum, I will deny Liddle's petition because it is plainly meritless. I will not hold an evidentiary hearing because the "[petition] and the files and records of the case conclusively show that [Liddle] is entitled to no relief." 28 U.S.C. § 2255(b).

Because Liddle seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Liddle makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Liddle must "demonstrate that reasonable jurists would find [my] assessment of [his claim of ineffective assistance] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Liddle hasn't made this showing, so I will deny a certificate of appealability. Liddle may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Anthony B. Liddle's petition, Dkt. 1, is DENIED.

2. A certificate of appealability is DENIED.

3. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered October 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge